## City of Worcester *vs.* Lydia A. Keith.

If a petition, addressed to "the Board of Mayor and Aldermen and Common Council of the city of Worcester," and praying for an assessment of damages to an estate in the city of Worcester, caused by altering the grade of an adjoining highway, has been acted on by the mayor and aldermen, and damages refused, and thereupon on application to the county commissioners a warrant has been issued for a jury to determine the damages, and a trial had before them, and their verdict set aside, it is too late for the city, on an application for a new warrant for a jury, to object to the irregularity in the address of the original petition.

PETITION for a writ of *certiorari*, to be directed to the county commissioners of the county of Worcester, directing them to

2 *

certify and cause to be removed to this court the records of the proceedings upon an application of the respondent for a warrant for a jury to determine the damages caused to her estate in Worcester, caused by altering the grade of an adjoining highway.

It appeared by the present petition that in September 1858 the respondent, by her petition addressed " to the Board of Mayor and Aldermen and Common Council of the city of Worcester," requested compensation for the damage so done. At a meeting of the mayor and aldermen held in October 1858, this petition was referred to a special committee of that board, who, four days afterwards, made a verbal report that they were unable to get any terms which they could recommend to the city council, and their report was accepted. In November 1858 she made an application to the county commissioners for a warrant for a jury to determine her damages, on which a warrant was ordered, and issued in November 1860, on which a trial was had and a verdict rendered, assessing damages, which was set aside by this court. Thereupon the city objected to the issuing of a warrant for a new jury, for various reasons, the only one of which now insisted upon was, that the original petition was addressed and presented to the mayor and aldermen and common council of the city, instead of the mayor and aldermen ; but the warrant was ordered. Wherefore the city prayed for the writ of *certiorari.*

The respondent filed a general demurrer, which was over ruled ; and she appealed to the full court.

*D. Foster,* for the respondent.

*W. A. Williams,* for the petitioners.

Bigelow, C. J. The petitioners are not entitled to a writ of *certiorari* to quash the proceedings set out in their petition.

The informality in addressing the petition to the common council, as well as to the mayor and aldermen, if it be one, has been waived by the petitioners. In the first place, in the original proceedings it was treated as a petition addressed only to the mayor and aldermen ; it was acted on by them, without sending it to the council for their concurrence, by referring it to

a committee of their own board only; that committee considered it and made a report to the mayor and aldermen, by whom it was accepted. It was therefore regarded as an application solely to the legal discretion of that board, and the address to the council was considered as a mere unimportant irregularity, which might be rejected as surplusage. After such action by the mayor and aldermen, who are the legal agents and representatives of the city in such matters, and after the long delay, during which the case has passed through various stages, it is too late now for the petitioners to insist on this technical irregularity as a ground for vacating the proceedings.

But in the next place, it seems to us that this case comes within the principles settled in *Flagg* v. *Worcester*, 8 Cush. 69. The commissioners had full jurisdiction of the subject matter of the petition. The defect relied on is not that the case was not one which came within their cognizance, but only that they had no authority to act in this particular case, because some previous step in the proceedings had not been properly taken. That was the precise objection in *Flagg* v. *Worcester*, which was held to have been waived, because it was not taken in an early stage of the proceedings before the commissioners. The case is unlike that suggested in *Whately* v. *County Commissioners*, 1 Met. 336, 342, in which a case is supposed by way of illustration where a petition to the commissioners stated on its face such facts as to show that it was one over which they had no jurisdiction to act at all. *Petition dismissed.*